IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELODIE SANBORN,

    Plaintiff,

    v.

    Civil Action 2:17-cv-875
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Chelsey M. Vascura

DENTALONE PARTNERS INC., *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Melodie Sanborn ("Plaintiff"), by and through counsel, brought this action in state court against Defendants, DentalOne Partners, Inc.; Dr. Zasso & Associates, Inc.; Meckler Dental Providers, Inc.; Charles J. Zasso, DMD; and Amber Overton (collectively "Defendants"), asserting a number of state-law claims arising from the termination of her employment. This matter is before the Undersigned for a Report and Recommendation on Plaintiff's Motion to Remand and for Costs Including Attorney's Fees (ECF No. 11), Defendants' Brief in Opposition (ECF No. 16), and Plaintiff's Reply (ECF No. 17). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Remand and For Costs Including Attorney's Fees be **GRANTED** but that the Court decline to award Plaintiff attorney's fees and costs pursuant to § 1447(c).

**I.**

Before Plaintiff's termination, Defendants employed her as an Operations Leader at the DentalWorks of Grove City. As an Operations Leader, Plaintiff was responsible for the quality

of staff and dental services. Plaintiff alleges that during her employment, she observed violations of the Occupational Safety and Health Administration's ("OSHA") laws and regulations and also violations of the Health Insurance Portability and Accountability Act's ("HIPAA") patient privacy requirements. She further alleges that when she reported these violations to her supervisor, Defendant Overton, Defendants retaliated against her by taking a number of adverse actions and ultimately terminating her in April 2017.

On September 5, 2017, Plaintiff filed this action in the Franklin County Court of Common Pleas. In her Complaint, Plaintiff pleads several state-law claims, including a claim of conversion, an invasion of privacy claim, a common-law claim of retaliation in violation of Ohio public policy, a hostile work environment claim, and an emotional distress claim. She premises her common-law whistleblower claim upon her allegation that Defendants retaliated against her for complaining about the OSHA and HIPAA violations she observed.

Defendants timely removed the action to federal court under 28 U.S.C. § 1441, asserting in their Notice of Removal (ECF No. 1) that this case arises, in part, under the laws of the United States, namely, 29 U.S.C. § 651, *et seq*. (OSHA) and 42 U.S.C. § 1320d, *et seq*. (HIPAA). Defendants specifically reference Plaintiff's allegations in support of her common-law tort claim of retaliation in violation of Ohio public policy.

Plaintiff filed the subject Motion to Remand (ECF No. 11), asserting that the absence of a substantial federal question requires remand. Defendants oppose Plaintiff's Motion to Remand and argue as they did in their Notice of Removal that Plaintiff's claim "arises under" federal law because she identified federal law as the source of the public policy violated. (ECF No. 16.)

**II.**

Defendants based removal on 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir.), *cert. denied*, 549 U.S. 815 (2006) (internal quotation marks and citation omitted). Section 1331 authorizes federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). First and most commonly, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citations omitted). Second, "arising under" jurisdiction lies in a "special in small category of cases" where a state-law claim raises a stated federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258. With respect to this second category, the *Gunn* Court explained that jurisdiction is proper when these four criteria are met "because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

"As always, the party invoking federal jurisdiction has the burden to prove that

jurisdiction." *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015).

### III.

Applying the foregoing, the undersigned finds that Defendants have failed to satisfy their burden to establish federal question jurisdiction. As set forth above, Defendants rely upon Plaintiff's common-law tort claim that he was retaliated against in violation of Ohio public policy when he complained of Defendants' violations of OSHA and HIPAA. Contrary to Defendants' assertion, however, this claim does not present a substantial federal question.

On this point, the United States Court of Appeals for the Sixth Circuit's decision in *Eastman* is instructive and controls the outcome here. In *Eastman*, the plaintiff alleged that his employer took a number of adverse actions and ultimately fired him in retaliation for complaining about his employer's violations of federal statutes that prohibit the submission of fraudulent claims to the military and federal government. 438 F.3d at 547-48. Following his termination, the plaintiff filed a complaint in state court and alleged that his employer committed a tort under Ohio law by wrongfully firing him in violation of public policy. *Id*. at 548. The employer removed the action, and the plaintiff filed a motion to remand. *Id*. at 548-49. The trial court denied the motion to remand and granted summary judgment for the employer. *Id*. at 549. On an appeal, the Sixth Circuit vacated the trial court's entry of judgment and reversed the order denying remand, holding that "a state-law employment action for wrongful termination in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331." 438 F.3d at 553.

The *Eastman* Court offered several reasons for its holding. The Court first explained that

"[a] 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.'" *Id*. at 552 (quoting *Grable & Sons*, 545 U.S. at 315). The Court found that the meaning of the federal statutes upon which the plaintiff relied were not in serious dispute, reasoning that "[i]t can hardly be disputed that submitting fraudulent claims to the federal government would contravene national policy" and that it could not be denied that whistleblowers should not be punished for exposing their employers. *Eastman*, 438 F.3d at 552. Second, the Court found that "Congress' withholding a private right of action from these statutes is an important signal to its view of the substantiality of the federal question involved." *Id*. (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986) ("We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.")). Third and finally, the Court concluded that "accepting jurisdiction of [the] state employment action would be disruptive of the sound division of labor between state and federal courts envisioned by Congress." *Id*. at 553. On this point, the Court reasoned that because "the bulk of the judicial business" in employment litigation "is conducted in state courts," the "balance would be upset drastically if state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy." *Id*.

The undersigned sees no basis for departing from the *Eastman* Court's analysis and conclusion here. Plaintiff, like the *Eastman* plaintiff, alleges that his employer took a number of adverse actions and ultimately fired him in retaliation for complaining about his employer's violations of federal statutes. Also like the *Eastman* plaintiff, Plaintiff brought a state-court

5

action alleging that his employer committed a tort under Ohio law by retaliating against him in violation of public policy. And although the federal statutes upon which Plaintiff relies are different than those relied upon by the *Eastman* plaintiff, the statutes at issue here—OSHA and HIPAA—also do not afford Plaintiff a private right of action. *See Hill v. Mr. Money Fin. Co. & First Citizens Banc Corp.*, 309 F. App'x 950, 965 (6th Cir. 2009) ("OSHA regulations . . . do not provide an employee with a private right of action against the employer.") (internal quotation marks and citation omitted)); *Taylor v. Brighton Corp.*, 616 F.2d 256, 264 (6th Cir. 1980) (holding that there is no private right of action to enforce violations of OSHA); *Cabotage v. Ohio Hosp. for Psychiatry, LLC.*, No. 2:11-CV-50, 2012 WL 3064116, at *3−4 (S.D. Ohio July 27, 2012) (collecting cases agreeing that "HIPAA creates neither an express nor an implied cause of action for private citizens to enforce its terms") .

Moreover, the Supreme Court's recent decision in *Gunn* further illustrates that no "substantial" federal questions exists here. In *Gunn*, the Court found that remand was appropriate even where the federal issue was actually disputed on the merits and was "the central point of the dispute." 568 U.S. at 259, 264. The Court explained that "[t]he substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole," not just whether the federal issue was significant to the parties. *Id*. at 260. Here, Defendants have not argued, and the undersigned cannot discern, how the resolution of any federal issue presented in this action would be of significance to HIPAA or OSHA jurisprudence.

For these reasons, it is **RECOMMENDED** that the Court **REMAND** this action to state court.

The undersigned declines, however, to recommend an award of attorney's fees. When a court determines that the removal of a state-court case to federal court was improper, "the action

must be remanded, and the order 'may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.'" *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 488–89 (6th Cir. 2013) (quoting 28 U.S.C. § 1447(c)). An award of costs and fees under § 1447(c) is discretionary, "but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136–37 (2005)." *Id.* (citing *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, the Supreme Court imposed an objective reasonableness standard, limiting a court's discretion to award fees to those cases in which "the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. The United States Court of Appeals has similarly held that an award of costs and fees under § 1447(c) "is inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Wartham*, 549 F.3d at 1059–60 (internal quotation marks and citation omitted).

The Court does not find an award of attorney's fees appropriate under the facts and circumstances presented in this case. It is therefore **RECOMMENDED** that the Court decline to award Plaintiff attorney's fees and costs pursuant to § 1447(c).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for Remand (ECF No. 11) and **REMAND** this action to the Franklin County, Ohio, Court of Common Pleas, Civil Division**.** It is further **RECOMMENDED** that the Court decline to award Plaintiff attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

7

(14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE